**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-22-00771-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Alan Quihui Carranza, et al., | |
| Defendants. | |

At issue is Plaintiff's motion to strike Defendants' affirmative defenses. (Doc. 16.) Defendants failed to respond to the motion and the time to do so has passed. Pursuant to Local Rule of Civil Procedure 7.2(i), the Court deems Defendants' failure to respond as a consent to granting the motion.

The merits of Plaintiff's motion also are well-taken. On the same day Plaintiff filed its motion to strike, the Court issued an order "encourag[ing] the parties to review *Martinez v. Alltran Financial LP*, 2019 WL 1777300 (D. Ariz. Apr. 23, 2019), particularly the Court's discussion of what is and what is not an affirmative defense, and then to confer on whether the motion can be obviated through an amended answer as opposed to further briefing on the motion to strike." (Doc. 18.) As the Court explained in *Martinez*, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense. Such a defense is merely rebuttal against the evidence presented by the plaintiff. In contrast, an affirmative defense within the meaning of Rule 8(c) is one that

precludes liability even if the plaintiff proves all the elements of his claim. It is a defense on which the defendant has the burden of proof." 2019 WL 1777300, at *2 (internal quotations and citations omitted). Defendants' so-called affirmative defenses obviously do not meet this definition. Indeed, many aren't even negative defenses.

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 16) is **GRANTED**.

Dated this 19th day of August, 2022.

Douglas L. Rayes
United States District Judge